**2022-1994**

# United States Court of Appeals for the Federal Circuit

CITY OF FRESNO, ARVIN-EDISON WATERSTORAGE DISTRICT, CHOWCHILLA WATER DISTRICT, DELANO-EARLIMART IRRIGATION DISTRICT, EXETER IRRIGATION DISTRICT, IVANHOE IRRIGATION DISTRICT, LINDMORE IRRIGATION DISTRICT, LINDSAY-STRATHMORE IRRIGATION DISTRICT, LOWER TULE RIVER IRRIGATION DISTRICT, ORANGE COVE IRRIGATION DISTRICT, PORTERVILLE IRRIGATION DISTRICT, SAUCELITO IRRIGATION DISTRICT, SHAFTER-WASCO IRRIGATION DISTRICT, SOUTHERN SAN JOAQUIN MUNICIPAL UTILITY DISTRICT, STONE CORRAL IRRIGATION DISTRICT, TEA POT DOME WATER DISTRICT, TERRA BELLA IRRIGATION DISTRICT, TULARE IRRIGATION DISTRICT, LOREN BOOTH LLC, MATTHEW J. FISHER, JULIA K. FISHER, HRONIS INC., CLIFFORD R. LOEFFLER, MAUREEN LOEFFLER, DOUGLAS PHILLIPS, CARALEE PHILLIPS,

*Plaintiffs-Appellants,*
*(For Continuation of Caption See Inside Cover)*

*On Appeal from the United States Court of Federal Claims in No. 1:16-cv-01276-AOB, Armando O. Bonilla, Judge*

**OBJECTION OF APPELLEES SAN JOAQUIN RIVER EXCHANGE CONTRACTORS WATER AUTHORITY, CENTRAL CALIFORNIA IRRIGATION DISTRICT, COLUMBIA CANAL COMPANY, FIREBAUGH CANAL WATER DISTRICT, AND SAN LUIS CANAL COMPANY TO FRIANT WATER AUTHORITY'S PROPOSED LEAVE TO FILE AMICUS BRIEF**

PAUL R. MINASIAN
ANDREW J. McCLURE
JACKSON A. MINASIAN
MINASIAN, MEITH, SOARES, SEXTON & COOPER, LLP
1681 Bird Street / P.O. Box 1679
Oroville, CA  95965
(530) 533-2885
pminasian@minasianlaw.com // amcclure@minasianlaw.com // jminasian@minasianlaw.com
*Counsel for Defendants-Appellees*

_____

-v-

UNITED STATES, SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, SANTA CLARA VALLEY WATER DISTRICT, SAN LUIS WATER DISTRICT, WESTLANDS WATER DISTRICT, GRASSLAND WATER DISTRICT, JAMES IRRIGATION DISTRICT, BYRON BETHANY IRRIGATION DISTRICT, DEL PUERTO WATER DISTRICT, SAN JOAQUIN RIVER EXCHANGE CONTRACTORS WATER AUTHORITY, CENTRAL CALIFORNIA IRRIGATION DISTRICT, FIREBAUGH CANAL WATER DISTRICT, SAN LUIS CANAL COMPANY, COMBIA CANAL COMPANY,

*Defendants-Appellees.*

_____

FORM 9. Certificate of Interest

Form 9 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2022-1994

**Short Case Caption** City of Fresno v. US

**Filing Party/Entity** Intervenors: San Luis Canal Company; Central California Irrigation District; Firebaugh Canal Water District; Columbia Canal Company; San Joaquin River Exchange Contractors Water Authority

> **Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box.** Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/20/2022

Signature: /s/ Paul R. Minasian

Name: PAUL R. MINASIAN

FORM 9. Certificate of Interest

Form 9 (p. 2)
July 2020

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| San Luis Canal Company | | |
| Central California Irrigation District | | |
| Firebaugh Canal Water District | | |
| Columbia Canal Company | | |
| San Joaquin River Exchange Contractors Water Authority | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

FORM 9. Certificate of Interest

Form 9 (p. 3)
July 2020

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑ None/Not Applicable ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☐ None/Not Applicable ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

## TABLE OF CONTENTS

*Page(s)*

1. The Friant Water Authority is composed of the Appellants. Appellants should not be granted two opportunities to present through the filing of an amicus brief different theories for reversal. The Friant Water Authority is a joint powers authority composed of all of the districts and the City of Fresno who are Appellants in this Matter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2. The proposed Amicus, Friant Water Authority has not complied with Federal Rules of Appellate Procedure, Rule 29(a)(4)(E) which would demonstrate the unity of interest of the proposed Amicus Friant Water Authority – with the Appellants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3. The Friant Water Authority's amicus brief does not cite to or explain the prior litigation and judgments that Friant Water Authority members (Appellants in this action) are bound to by res judicata and stare decisis. As a consequence, the amicus brief will not aid the Court in resolving the issues in this appeal . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

*<u>Cases</u>*                                                                                          *<u>Page(s)</u>*

*Ryan v. Commodity Futures Trading Com.*
    125 F.3d 1062, 1063 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . .   7

*United States v. Bd of County Com'rs of the County of Otero*
    DMN 2015 184 F.Supp.3d 1097 . . . . . . . . . . . . . . . . . . . . . . . . .   6

*Westlands v. United States*
    153 F.Supp.2d 1133 (E.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

*Wiggins Bros. Inc. v. Dept. of Energy*
    EM.App 1981 667 F.2d 77 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6


**Statutes**

Federal Rules of Appellate Procedure,
    Rule 29(a)(4)(E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 3, 8

The Central California Irrigation District, Columbia Canal Company, Firebaugh Canal Water District, San Luis Canal Company, and San Joaquin River Exchange Contractors Water Authority as Defendant-Appellees in the above-entitled matter object to Friant Water Authority's request for leave to file an amicus brief on the following grounds and basis:

1. **<u>The Friant Water Authority is composed of the Appellants. Appellants should not be granted two opportunities to present through the filing of an amicus brief different theories for reversal. The Friant Water Authority is a joint powers authority composed of all of the Districts and the City of Fresno who are Appellants in this matter</u>.**

A list of the members is attached as Appendix 1, demonstrating that the purported amicus Friant Water Authority is essentially the Appellant in this matter except for the individual citizen Appellants.

Many of the arguments and authorities presented in the proposed amicus brief are arguments not made in the Appellants' Opening Brief, such as that water stored in Millerton Reservoir is not subject to Exchange Contractors' water rights (Amicus Brief, p. 16). Unconstrained by the page limits applicable to Appellants' Opening Brief, the proposed amicus brief not only raises factual and legal arguments without respect to the page limits applicable to the Appellants, but in a fashion that neither the objecting Defendant-Appellees, other intervenors, or Defendant-Appellee United States are provided an opportunity to address in responsive briefs both because of page limits and the

opportunity to respond directly to amicus briefs raising arguments and contentions no included in Appellants' Opening Brief. This indirect means of gaining relief from the page limits and injecting issues not raised in Appellants' Opening Brief, such as objecting Defendant-Appellees and Defendant-Appellee United States should not be permitted.

2. **The proposed Amicus, Friant Water Authority has not complied with Federal Rules of Appellate Procedure, Rule 29(a)(4)(E) which would demonstrate the unity of interest of the proposed Amicus Friant Water Authority – with the Appellants.**

Leave to file an amicus brief should be denied to the Friant Water Authority because the requirements of Rule 29a of the Federal Rules of Appellate Procedure have not been complied with. These rules in subdivision 29(a)(4)(E) require that an amicus brief include:

> E. Unless the amicus curiae is one listed in the first sentence of Rule 29(a)2 (United states or State) a statement that indicates whether:
>
> > (i) a party's counsel authored the brief in whole or in part;
>
> > (ii) a party or a party's counsel contributed money that was intended to fund preparing or submitted the brief; and
>
> > (iii) a person – other than the amicus curiae, its members, or its counsel – contributed money that was intended to fund preparing or submitting the brief and, if so, identifies each such person . . . .

2

The objecting Defendants-Appellees Exchange Contractors are informed that if these requirements were complied with, the utilization of the amicus brief as an extension of the Appellants' Opening Brief without page limits would become apparent. None of the requirements of Rule 29(a)(4)(E) have been complied with by the proposed amicus curiae, Friant Water Authority. The unfairness to the Defendant-Appellee United States and these objecting Defendants-Appellees having to address arguments made by the Appellants effectively without page limits because of the additional theories and claims included in the proposed amicus brief is apparent.

3. **<u>The Friant Water Authority's amicus brief does not cite to or explain the prior litigation and judgments that Friant Water Authority members (Appellants in this action) are bound to by res judicata and stare decisis. As a consequence, the amicus brief will not aid the Court in resolving the issues in this appeal</u>**.

Friant Water Authority's proposed amicus brief fails to cite or explain the final judgments of the District Court in *Westlands v. United States*, 153 F.Supp.2d 1133 (E.D. Cal. 2001) and of the Ninth Circuit Court of Appeals upon appeal as to the meaning and effect of the Exchange Contract as to CVP water contractors and the duties of Reclamation when the Friant Water Users/Authority, an entity including most of the Appellants, were parties to that litigation and bound directly by those rulings. The members of the Friant Water Authority listed on the Apendix to this opposition were largely intervenors in

and bound to the rulings . . . or members of Friant Water Users Authority as intervenor in those prior proceedings, but amicus Friant Water Authority do not cite those proceedings in their amicus brief (*Westlands Water District v. United States*, 153 F.Supp.2d 1133 (E.D. Cal. 2001), appeal to the Ninth Circuit, 337 F.3d 1092 (2003)). Among the holdings of the District Court in 2001 and upheld by the Ninth Circuit in 2003 and which Friant Water Authority members and many of the Appellant-Districts in this action were parties bound to interpretation of the Exchange Contract requests are:

    (a)    Under Article 4(a) of the Exchange Contract, "[t]he government may exercise the Exchange Contractors' rights to San Joaquin River water only if substitute water is provided them [the Exchange Contractors]." (153 F.Supp.2d 1133, 1152.) These prior decisions find that under Paragraph 4(a) of the Exchange Contract, the CVP right to "store" or "direct" water of the Exchange Contractors from the San Joaquin River is dependent on substitution of the supply and Paragraph 4(b) (Temporary Interruption Condition) does not treat water stored in Millerton Reservoir as outside of the Exchange Contractors' rights and priority or outside of the United States' rights to use as "substitute water" to supply the Exchange Contractors.

(b) In *Westlands v. United States*, 153 F.Supp.2d 1133 (E.D. Cal. 2001) at page 1152, the District Court in 2001 found that the temporary interruption language of Article 4(b) did not alter, limit, or qualify the Exchange Contractors' rights to receive all of the water. "The Exchange Contractors' right to receive water from the San Joaquin River if delivery of substitute water is temporarily interrupted does not impair their reserved state law right to exercise their riparian and pre 1914 appropriative rights to San Joaquin River water." If some suspension or exception to the priority of the Exchange Contractors' rights existed because water reached Millerton Reservoir, the judgements in these proceedings did not include any such holding.

(c) As to the theory advanced in the amicus brief (not included in Appellants' Opening Brief) that the Bureau of Reclamation cannot utilize water of the San Joaquin river stored in Millerton Reservoir because it is either "stored water" or because Millerton Reservoir was paid for as a CVP facility by Friant Users (Amicus Brief, pp. 16-17.), in the prior litigation that Appellants and amicus members were parties to and bound to but is not discussed or cited in this amicus brief, the District Court held: " . . . [T]he substitute water can come from any source the Bureau determines." (Including outside the CVP.) (153 F.Supp.2d 1155.)

5

   (d)  The Ninth Circuit affirmed the District Court's decision and stated "the district court did not err in finding that 'substitute water' delivered to the Exchange Contractors is not 'available water' (available to other CVP users) because such water <u>is a vested priority obligation</u> that the Bureau must satisfy without including it in CVP available supply . . . ." (337 F.3d 1092.) (Emphasis added.)

 The purpose of an amicus brief is to aid the Court in considering the issues. This proposed amicus brief cannot accomplish that purpose when it ignores prior litigation resolving the very issues raised in the amicus brief and does not attempt to explain or distinguish those rulings which are binding on many of the Appellants as actual intervenors in those prior Federal Court proceedings.

 Absent exceptional circumstances, an amicus curiae should be denied authority to file briefs if the brief expands or extends the issues presented in the Appellants' Opening Brief, the party it supports. (*Wiggins Bros. Inc. v. Dept. of Energy*, EM.App 1981 667 F.2d 77.) If the proposed amicus curiae brief proposes to inject new arguments not raised by parties in their opening brief, or ignores established judicial authority, the amicus brief would be of little aid to the Court because it ignores relevant authority. (*United States v. Board of County Commissioners of the County of Otero* DMN 2015 184 F.Supp.3d 1097,

affirmed 843 F.3d 1206, cert denied 138 S.Ct. 84). Amicus status should be denied unless the amicus has unique information and perspective beyond the resources of the party it supports. (*Ryan v. Commodity Futures Trading Com.*, 125 F.3d 1062, 1063 (7th Cir. 1997).

## CONCLUSION

This proposed amicus brief should be rejected because (i) it unfairly includes contentions that could have been included in the Appellants' Opening Brief but were not and the amicus brief only serves to expand the briefing pages available to Appellants; and (ii) amicus Friant Water Authority is synonymous with the Appellants (except for the individual Appellants) and has not in

accordance with Rule 29(a)(4)(E) declared to the Court the nature of that relationship and the funding and authorship of this amicus brief.

                                      Respectfully submitted,

November 4, 2022                      /s/ Paul R. Minasian
                                      Paul R. Minasian
                                      MINASIAN, MEITH, SOARES, SEXTON & COOPER, LLC
                                      pminasian@minasianlaw.com

                                      Counsel for Respondents, SAN JOAQUIN RIVER EXCHANGE CONTRACTORS WATER AUTHORITY, CENTRAL CALIFORNIA IRRIGATION DISTRICT, COLUMBIA CANAL COMPANY, FIREBAUGH CANAL WATER DISTRICT, and SAN LUIS CANAL COMPANY

# ADDENDUM

# WHAT IS FRIANT?

## WHAT IS FRIANT?

Friant Water Authority (Friant) is a public agency formed by its members under California law to operate and maintain the Friant-Kern Canal and to represent our members in federal or state policy, political, and operational decisions that could affect the water supply of the Central Valley Project's Friant Division. Our goal is to provide dependable, sustainable water from Millerton Reservoir to Friant Contractors.

### PRINCIPAL INFRASTRUCTURE

- **Friant Dam and Millerton Lake** on the San Joaquin River northeast of Fresno.
- **Millerton Lake** has a capacity of 520,500 acre-feet of water.
- **The 152-mile Friant-Kern Canal** from Friant to the Kern River in Bakersfield.
- **The 36-mile Madera Canal** that runs northwest to Ash Slough, east of Chowchilla.

### MEMBERSHIP

- Arvin Edison Water Storage District (http://www.aewsd.org)
- Chowchilla Water District (http://cwdwater.com)

APPX1



- City of Fresno (http://www.fresno.gov)
- Fresno Irrigation District (http://www.fresnoirrigation.com)
- Hills Valley Irrigation District
- Kaweah Delta Water Conservation District (http://www.kdwcd.com)
- Kern-Tulare Water District (http://www.wakc.com/whos-who/kern-tulare-water-district/)
- Lindmore Irrigation District (http://www.lindmoreid.com)
- Lindsay-Strathmore Irrigation District (http://www.lsid.org)
- Lower Tule River Irrigation District (http://www.ltrid.org/)
- Orange Cove Irrigation District (http://www.orangecoveid.org)
- Madera Irrigation District (http://www.madera-id.org)
- Porterville Irrigation District (https://www.facebook.com/Porterville-Irrigation-District-PID-163455345017239 7/)
- Saucelito Irrigation District (https://www.facebook.com/SaucelitoID/)

FORM 19. Certificate of Compliance with Type-Volume Limitations                          Form 19
                                                                                          July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2022-1994

**Short Case Caption:** City of Fresno v. United States

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __1491__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 11/04/2022                Signature: /s/ Paul R. Minasian

                                Name: PAUL R. MINASIAN